UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES HALEY, )
 )
           Plaintiff, ) Case No. 1:11-cv-755
 )
v. ) Honorable Robert J. Jonker
 )
COMMISSIONER OF )
SOCIAL SECURITY, )
 ) **REPORT AND RECOMMENDATION**
           Defendant. )
_____ )

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On June 4, 2007, plaintiff filed his application for benefits alleging a March 11, 2002 onset of disability. (A.R. 122-24). Plaintiff's disability insured status expired on December 31, 2007. Thus, it was plaintiff's burden to submit evidence demonstrating that he was disabled on or before December 31, 2007. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

Plaintiff's claim for DIB benefits was denied on initial review. (A.R. 77-80). On July 30, 2009, he received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 34-55). On December 9, 2009, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 13-21). On June 15, 2011, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying his claim for DIB benefits. Plaintiff asks the court to overturn the Commissioner's decision on the following grounds:

1. The ALJ failed "to properly evaluate the treating source's medical opinions under 20 CFR § 404.1527(d)(2)[;]" and

2. "The ALJ failed to evaluate and find the Plaintiff disabled pursuant to social security grid rule 201.12 or 201.14, considering the opinion evidence of the treating source and the evidence of record as a whole."

(Statement of Issues, Plf. Brief at 1, docket # 13).

I recommend that the Commissioner's decision be affirmed in part and reversed in part. The portion of the ALJ's opinion finding that plaintiff was not disabled on or before April 18, 2007, should be affirmed, because plaintiff has abandoned any claim that he was disabled during this period. The portion of the ALJ's decision finding that plaintiff was not disabled during the closed period from April 19, 2007, through December 31, 2007, should be reversed and the matter remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007).

The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from March 11, 2002, through December 31, 2007, but not thereafter. (A.R. 16). Plaintiff had not engaged in substantial gainful activity on or after March 11, 2002. (A.R. 16). Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine and dysthymia (chronic low-grade depression). (A.R. 16). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 16). The ALJ found that through his date last disability insured, plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently, sit/stand/walk 6 hours in an 8-hour workday, occasionally climb stairs and ramps, but never climb ropes, ladders, or scaffolds. Further, the claimant could occasionally balance, stoop, kneel, crouch, and crawl. Mentally, the claimant could: understand, remember, and carry out at least simple instructions and non-detailed tasks; demonstrate adequate judgment to make simple work-related decisions; respond appropriately to supervisors and co-workers; and, adapt to routine/simple work changes.

(A.R. 16-17). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible. (A.R. 17-19). Plaintiff could not perform his past relevant work. (A.R. 19). The ALJ found:

> The claimant was born on April 19, 1957 and was 50 years old, which is defined as a younger individual age 18-49, on the date last insured.[1]

---

[1] This finding was incorrect. Plaintiff was 44-years-old as of his alleged onset of disability. He was classified as a "younger person" from March 11, 2002, through April 18, 2007. Plaintiff reached age 50 on April 19, 2007. During the eight-month period from April 19, 2007, through the expiration of his disability insured status on December 31, 2007, plaintiff was classified as a "person closely approaching advanced age," not a younger person. 20 C.F.R. § 404.1563(d). The ALJ's opinion ignored plaintiff's transition from a younger person to a person closely approaching advanced age. This error would have been harmless if the ALJ's hypothetical question to the

(A.R. 19). Plaintiff has at least a high-school education and is able to communicate in English. (A.R. 19). The ALJ found that the transferability of jobs skills was not material to a determination of disability. (A.R. 19). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person "age 48," and with plaintiff's RFC, education, and work experience, the VE testified that there were approximately 4,500 jobs in the State of Michigan that the hypothetical person would be capable of performing. (A.R. 50-51). The ALJ found that this constituted a significant number of jobs. Using Rule 202.21 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 19-20).

**1.**

On July 28, 2009, plaintiff's attorney filed a prehearing brief which included the following request to amend plaintiff's alleged onset of disability date: "***We would like to amend his alleged onset date to April 19, 2007, which is the claimant's 50th birthday.***" (A.R. 220). The ALJ addressed plaintiff's claim based on the original alleged onset date: March 11, 2002. (A.R. 16). In this appeal, plaintiff relies solely on a disability onset date of April 19, 2007. (Plf. Brief at 1). Thus, plaintiff has abandoned any claim of disability on or before April 18, 2007. I recommend that the portion of the Commissioner's decision finding that plaintiff was not disabled on or before April 18, 2007, be affirmed, because plaintiff no longer claims that he was disabled during this period.

---

vocational expert had considered plaintiff's age as of December 31, 2007, his date last disability insured. *See Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012); *Davis v. Commissioner*, No. 1:07-cv-1183, 2009 WL 440901, at * 7 (W.D. Mich. Feb. 23, 2009).

**2.**

Plaintiff argues that the ALJ "failed to properly evaluate" the opinions of a treating physician: Keith Javery, M.D. He argues that Dr. Javery's opinions should have received controlling weight and that the ALJ failed to provide good reasons for giving little weight to Dr. Javery's opinions. The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). A treating physician's opinion that a patient is disabled is not entitled to any special significance. *See* 20 C.F.R. §§ 404.1527(d)(1), (3); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007); *Sims v. Commissioner*, 406 F. App'x 977, 980 n.1 (6th Cir. 2011) ("[T]he determination of disability [is] the prerogative of the Commissioner, not the treating physician."). Likewise, "no special significance" is attached to treating physician opinions regarding the credibility of the plaintiff's subjective complaints, RFC, or whether the plaintiff's impairments meet or equal the requirements of a listed impairment because they are administrative issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), (3); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009).

Generally, the medical opinions of treating physicians are given substantial, if not controlling deference. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent . . . with the other substantial evidence in the case record.'" *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)). A

treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). An opinion that is based on the claimant's reporting of his symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(c), 416.927(c); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Cole v. Astrue*, 661 F.3d 931, 937-38 (6th Cir. 2011); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "[T]he procedural requirement exists, in part, for claimants to understand why the administrative

bureaucracy deems them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876; *see Rabbers v. Commissioner*, 582 F.3d 647, 657 (6th Cir. 2009).

Plaintiff does not identify any medical opinion expressed by Dr. Javery that the ALJ failed to accord sufficient deference. Plaintiff's disability insured status expired on December 31, 2007. On October 15, 2008, Dr. Javery completed a "Medical Provider's Assessment of Patient's Ability to do Physical Work-Related Activities." (A.R. 375-76). Dr. Javery's opinion as to plaintiff's RFC ten months after his disability insured status expired is of little value. The same is true for Javery's letter of September 9, 2009, which stated that plaintiff was "unable to work." (A.R. 462).

The ALJ indulgently treated Dr. Javery's questionnaire responses (A.R. 375-76) as if they related to the period at issue. The ALJ found that Dr. Javery's opinions regarding plaintiff's RFC were entitled to little weight:

> I accord little weight to the assessment performed by Dr. Javery in October 2008, wherein he lists substantial limitations and that those limitations applied since 1997. The claimant stated that he told Dr. Javery his limitation[s] at the time he filled out the assessment. Moreover, the physical limitations are not supported by the medical evidence of record, including the physician's own treatment notes (Exhibit B2F).

(A.R. 19).

Plaintiff argues that the ALJ "wrongfully assume[d]" that Dr. Javery believed the plaintiff to be impaired to the extent listed dating back to 1997. Plaintiff emphasizes that Dr. Javery did not state that he had "been limited to the extent listed in the assessment since 1997, but rather he [] had limitations performing the stated activities since that time." (Plf. Brief at 5). If anything, this argument serves to further reinforce the ALJ's decision. October 15, 2008, and August 25, 1997, were the only dates mentioned in Javery's questionnaire responses. (A.R. 375-76). The 2008

date is far beyond plaintiff's date last disability insured. If the 1997 date was simply the occasion plaintiff first had "some" physical limitations, there is absolutely nothing connecting the limitations Dr. Javery suggested in his questionnaire responses to the months in 2007 after plaintiff reached age 50, which remain at issue.

Plaintiff argues that the ALJ's finding that Javery's progress notes did not support his proffered RFC restrictions is not supported by substantial evidence. (Plf. Brief at 5; Reply Brief at 1-2). Plaintiff complains that Exhibit B2F consists of "36 pages of records" (Plf. Brief at 5), but he overlooks the fact that only seven pages of this exhibit concern treatment by Dr. Javery. (A.R. 260-66). The remainder of Exhibit B2F is a functional capacity evaluation performed in 2004 by a physical therapist. (A.R. 267-95). The therapist reported that plaintiff was capable of performing work at the medium exertional level. (A.R. 291). Dr. Javery's progress notes in Exhibit B2F indicate that he saw plaintiff once in 2005 (A.R. 265), three times in 2006 (A.R. 262-64), and twice in 2007 (A.R. 260-61). On December 16, 2005, plaintiff reported that his pain was not bad and that it did not radiate. His gait was normal. (A.R. 265). On January 11, 2006, plaintiff had muscle spasms, but no neurological deficits. He was treated with injections, which had provided good pain relief in the past. (A.R. 264). On August 30, 2006, the same treatment was repeated. (A.R. 263). On November 8, 2006, plaintiff reported that he did well for about two months after each injection, with no side effects. (A.R. 262). On March 21, 2007, he reported that he experienced "two and a half to three months of good relief" from injections. Dr. Javery found that plaintiff was neurologically stable. (A.R. 261). On June 17, 2007, plaintiff repeated that he "d[id] well for about two months at a time with these injections." (A.R. 260). The extreme restrictions Dr. Javery

suggested in his RFC questionnaire responses were undermined by his own treatment notes. The ALJ's finding is supported by more than substantial evidence.

Plaintiff argues that there is "no evidence" supporting the ALJ's conclusion that the RFC restrictions suggested by Dr. Javery were based on plaintiff's self-reporting. (Plf. Brief at 5). This argument is meritless. The record contained no evidence that Dr. Javery had treated plaintiff in 2008. Understandably, this void in the medical record prompted questions from the ALJ about how Javery's questionnaire responses in October 2008 had been generated:

> Q And last year in the summer that you – I guess it was in October of last year, did you have a conversation with [Dr. Javery] about what you felt you could do and couldn't do?
>
> A Yes, we talked about that a number of times.
>
> Q And did you ever look at the report he prepared as far as what you could and couldn't do?
>
> A I did not get a great look at it, no.
>
> Q So you don't know whether or not that's accurate?
>
> A I believe he's accurate, he tries.

(A.R. 40). Plaintiff is correct that the sentence on page seven of the ALJ's opinion indicating that the "claimant stated" that he "told Dr. Javery his limitation[s] at the time he filled out the assessment" is not an accurate summary of the above-quoted testimony. Plaintiff testified that he had discussed his limitations with Dr. Javery and "did not get a great look" at Javery's report. (*Id.*). However, given the lack of evidence of treatment in 2008, it was reasonable for the ALJ to discount Dr. Javery's questionnaire responses as being based on plaintiff's self-reporting. I find no violation of the treating physician rule.

**3.**

Plaintiff argues that the ALJ "failed to evaluate and find Plaintiff disabled pursuant to social security grid rule 201.12 or 201.14, considering the opinion evidence of the treating source and the evidence of record as a whole." (Plf. Brief at 8). He argues that his "treating doctor determined that he was limited to a maximum capacity of 'sedentary' work." (*Id.*). "If the ALJ had complied with the treating source rule, 20 [] C.F.R. [§] 1527(d)(2), and provided controlling weight to the treating source's opinion, a finding of 'disabled' would have been directed under Grid Rule 201.12 or 201.14 as Mr. Haley would have been limited to a maximum exertional capacity of 'sedentary' work." (Plf. Brief at 9). Dr. Javery's opinion regarding plaintiff's RFC was not entitled to any special significance, because RFC is an administrative finding reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), (3); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009).

Plaintiff's burden on appeal is much higher than citing evidence on which the ALJ could have based a decision in his favor. *Jones v. Commissioner*, 336 F.3d at 477. He must show that the ALJ's finding regarding his RFC is not supported by substantial evidence. Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Heston v. Commissioner*, 245 F.3d at 534.

RFC is the most, not the least, a claimant can do despite his impairments. 20 C.F.R. § 404.1545(a); *see Kornecky v. Commissioner*, 167 F. App'x 496, 499 (6th Cir. 2006). "In formulating a residual functional capacity, the ALJ evaluates all the relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions." *Eslinger v. Commissioner*, 476 F. App'x 618, 621 (6th Cir. 2012). The ALJ's finding that plaintiff retained the RFC for a limited range of light work (A.R. 16-19) is supported by more

than substantial evidence. The ALJ noted that the MRI of plaintiff's spine showed "mild" degenerative changes that did not result in central canal narrowing or neural foraminal narrowing. Plaintiff had no record of psychiatric hospitalization and had been diagnosed with "dysthymia." (*Id.*).

The error requiring reversal in this case does not stem from the ALJ's failure to reference the correct grid rule for a person closely approaching advanced age. If the ALJ had considered Rule 202.14 as a framework, it would have supported the decision finding that plaintiff was not disabled. The reversible error is the ALJ's hypothetical question's failure to accurately take plaintiff's age into account.

The Commissioner has the burden at the fifth step of the sequential analysis[2] to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d at 282. A VE's testimony in response to a hypothetical question accurately reflecting a claimant's impairments provides substantial evidence supporting the Commissioner's decision. *See Varley v. Secretary of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987); *see Carelli v. Commissioner*, 390 F. App'x 429, 438 (6th Cir. 2010). A hypothetical question is not required to list the claimant's

---

[2] "Administrative law judges employ a five-step sequential inquiry to determine whether an adult claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that []he is not engaged in substantial gainful activity. Next, the claimant must demonstrate that []he has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that h[is] impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that []he is incapable of performing work that []he has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

medical conditions, but is only required to reflect the claimant's limitations. *Webb v. Commissioner*, 368 F.3d 629, 633 (6th Cir. 2004). Where the hypothetical question does not accurately incorporate the claimant's limitations, the VE's response does not provide substantial evidence supporting the ALJ's decision. *Varley*, 820 F.2d at 779.

The ALJ's hypothetical questions were restricted to a "[h]ypothetical claimant age 48" (a younger individual). (A.R. 50). He did not ask any questions about a hypothetical person age 50 (an individual closely approaching advanced age). The ALJ based the portion of his decision finding that plaintiff was not disabled during the closed period from April 19, 2007, through December 31, 2007, on the VE's response to an inaccurate hypothetical question. (A.R. 19-20). Because the ALJ's hypothetical question did not accurately reflect plaintiff's age, the VE's response could not provide substantial evidence supporting the ALJ's decision. *See Ealy v. Commissioner*, 594 F.3d 504, 516-17 (6th Cir. 2010).

Plaintiff asks the court to order the Commissioner to award DIB benefits. (Plf. Brief at 9; Reply Brief at 5). "[T]he court can reverse the [Commissioner's] decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *See Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 173 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.*; *see Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). The portion of the Commissioner's decision finding that plaintiff was not disabled after reaching age 50 should be reversed because the ALJ relied on the VE's response to an inaccurate hypothetical question, not because the record strongly establishes plaintiff's entitlement to benefits.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed in part and reversed in part. The portion of the ALJ's opinion finding that plaintiff was not disabled on or before April 18, 2007, should be affirmed. The portion finding that plaintiff was not disabled during the closed period from April 19, 2007, through December 31, 2007, should be reversed and the matter remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).


Dated: January 29, 2013          /s/ Joseph G. Scoville
                                 United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).